IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                                          ORDER

          v.                                                 02-cr-35-bbc-01

MICHAEL R. LEPPERT,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Michael R. Leppert's supervised release was held on April 10, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Kelly A. Welsh. Also present was Senior United States Probation Officer William T. Badger, Jr.

From the record and stipulation, I make the following findings of facts.

FACTS

Defendant was sentenced in the Western District of Wisconsin on November 15, 2002, following his conviction for possession of a stolen firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 37 months with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on March 4, 2005. In October 2007, he violated his mandatory condition of supervision prohibiting him from committing another federal, state or local crime, when he committed burglaries in Dane County, Wisconsin. Defendant also violated this condition by possessing marijuana with the intent to deliver on November 3, 2007. On January 29, 2009, defendant was convicted in the Circuit Court for Dane County, Wisconsin in case no. 2008CF267 of six counts of burglary and one count of manufacture/delivery of marijuana. He was sentenced to a total of 31 years' custody and 26 years' extended supervision.

Defendant's conduct falls into the category of Grade A violations. Section 7B1.3(a)(1) of the advisory sentencing guidelines provides that the court shall revoke supervision upon a finding of Grade A violation. 18 U.S.C. § 3583(g)(1) requires revocation of supervised release for possession of a controlled substance.

CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 36-month term of supervised release imposed on defendant on November 15, 2002, will be revoked.

Defendant's criminal history category is II. With Grade A violations and a criminal history category of II, defendant has an advisory guideline range of imprisonment of 15 to 21 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the

2

offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected the maximum sentence available under the statute. The intent of this sentence is to hold defendant accountable for his violations and protect the public.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 15, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. The term of imprisonment is to be served concurrently with the sentences imposed by the Circuit Court for Dane County, Wisconsin in cases nos. 2002CF228, 2002CF2175, and 2008CF267. No term of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this  10th  day of April, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge